DANIEL, Judge,
dissentiente. after stating the case proceeded: All these facts were sufficient to authorise the jun to find that the defendant’s testator had acknowledged a subsisting debt due by him to the plaintiff. Upon a plea of the statute of limitations, the burthen is throw n upon the plaintiff, either of proving an express promise made by the defendant within three years, or an acknowledgement that the debt still subsists, and that acknowledgement is evidence, from which a new promise can he inferred, (Heyling v. Hastings, Ld. Ray 421,) or a new pro- *467 miséis implied by law, or anew debt created. (Bryan v. Horseman 4 East. 599.) It is sufficient, if the jury find the fact of an acknowledgement, without finding a new promise by the defendant, for the law infers the promise. Neither is it necessary that the promise should be made to the plaintiff; it is sufficient, if made to a third person, to take the case out of the statute, (Halliday v. Ward 3 Camp. 32, Mountstephen v. Brooke, 5 Eng. C.L. Rep. 245). If evidence be given by the plaintiff, to prove the existence of the debt aliunde, then it seems that any expressions of the defendant, which tend to show, that it has not been paid, may bo left to the jury, but if such evidence be not given by the plaintiff, a mere admission by the defendant, that a debt claimed has not been paid, will not be sufficient unless accompanied with the further admission, that the debt once existed, (Rowcroft v. Lomas 4 M. & S. 457.) The request of the defendant’s testator to Mr. McLeod to make out tiio list of credits, for which he had no receipts, preparatory to a settlement with the plaintiff, necessarily amounts to an admission that the latter had a debt against him, to which these credits were to bo applied; and if any other debt existed, to which those credits were to be applied, except the one now claimed by the plaintiff, the proof of that fact, lays upon the defendant. (Baillie v. Inchiquin 1 Esp. Rep. 435, Frost v. Bengough 8 Eng. C. L. Rep 318.) I think that the declarations of the defendant’s testator amounted to an admission, that he owed the plaintiff a subsisting debt, and that the law raises upon this admission a promise to pay it, and as this took place within three years of the commencement of the action, that it is not barred by the statute.
The next objection is that the judge refused to strike out all the evidence given by the plaintiff respecting the testimony of the deceased witness, because it was proved on the part of the defendant, that material parts of the. testimony.bad been forgotten by the plaintiff’s witness. If a witness who has been examined in a cause dies, and upon a subsequent trial between the same parties, his testimony becomes material, his evidence may be proved by any one who heard it. (Mayor of Doncuster v. Day *468 3 Taun. 262.) The witness offered to prove the testimony of the deceased, should have been present during the whole examination, and be able to state substantially the testimony then given. No one can be expected to narrate in haic verba, what a witness deposed to on a former occasion, and the law does not require impossibilities. But the witness must be. able-to give the substance of the testimony, not its effect, or the impression which it made upon his mind. He should be able to narrate substantially the facts and circumstances which were then deposed to, as the witness would have repeated them, had he been alive and been examined again. The witness offered by the plaintiff, thought he could relate all that the deceased swore to on the former trial, that made him admissible, and Ihe testimony of another person, who swore that there were facts which the first witness omitted, was to be left to the jury to weaken the effect of the evidence given by the latter. In other words, it went to his credit notto his competency, and the judge was right in refusing to strike the testimony out of the cause. The judge in the court below allowed the plaintiff to enter the judgment for four per cent, additional interest, from the time the judgment was rendered in the County Court. He did this because he thought the appeal was for delay. This was a question solely for his discretion, and although I think he erred, yet we have no power to revise his judgment. I think the judgment should be affirmed.
The allowance of four per cent additional interest, under the actofl807.(ffflTi c. 713,) is a matter of discretion and cannot be revi ;ed upon appeal.
Per Curiam. — Judgment reversed.